UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.K. WADE,<br><br>       Plaintiff,<br><br>    v.<br><br>WILLIAM H. ALSUP,<br><br>       Defendant. | Case No. 21-mc-80037-HSG<br><br>**ORDER CONDUCTING PRE-FILING REVIEW AND BARRING FILING**<br><br>Re: Dkt. Nos. 2, 6 |

Plaintiff submitted a complaint in this matter that was received by the Clerk's Office on February 19, 2021. Dkt. No. 1. The complaint, entitled "Complaint for Damages," alleges causes of action for negligence, negligent and intentional infliction of emotional distress, and lost wages against United States District Judge William Alsup. *Id.* The gist of the lengthy complaint is that Judge Alsup violated Plaintiff's rights by not vacating a pre-filing vexatious litigant order entered in 2010 regarding Plaintiff. *Id.* at 3; *see also Wade v. Gilliland et. al.*, C 10-00425 WHA ("*Gilliland*"), Dkt. Nos. 168 (January 13, 2021 "Order Denying Vexatious Litigant's Motion to Vacate Pre-Filing Order"), 100 ("Order Requiring Prefiling Review").

Because of the existence of the pre-filing order, this case was initially opened as a miscellaneous matter, and was assigned to the undersigned after Judge Alsup recused himself. Dkt. Nos. 1, 4, 5.[1] For this reason, Plaintiff has not yet paid the filing fee or filed an application to proceed in forma pauperis.

The Court finds that this new case falls within the scope of the *Gilliland* pre-filing order. Under that order, Plaintiff must "seek leave from this Court before filing any additional

---

[1] Plaintiff recently filed a motion to disqualify Judge Alsup. That motion is **DENIED AS MOOT** because Judge Alsup has already recused himself from this matter.

complaints against the Department of Labor, [or] any of its employees, or against the United States or any other government official in connection with his disputes with the DOL stemming from his prior employment in the Office of Federal Programs Contract Compliance." *Gilliland*, Dkt. No. 100 at 4. Judge Alsup is a "government official" within the meaning of the order. Further, the complaint makes clear that Plaintiff seeks damages against Judge Alsup because Plaintiff claims that but for Judge Alsup's decision not to vacate the pre-filing order, Plaintiff would have recovered approximately $2.4 billion in damages from Gilliland and the other DOL officials he sued in a series of cases (along with, apparently, additional employees of the Department of Homeland Security). Dkt. No. 1 at 73–74. Clearly, that claim is directly "in connection with" the underlying dispute raised in *Gilliland*. It also is frivolous, consistent with Plaintiff's lengthy history of frivolous filings in this District that have resulted in the entry of two separate vexatious litigant orders in his cases. *Gilliland*, Dkt. No 100; *see also Wade v. United States, et al.,* C 06-02346 CRB, Dkt. No. 55.

Accordingly, the filing of Plaintiff's complaint in this case is **BARRED** based on the vexatious litigant order in *Gilliland*, and the Clerk is directed to close the file.[2] All pending motions, including the motion for preliminary injunction, are denied as moot.

**IT IS SO ORDERED.**

Dated: 3/2/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Even if the case were not barred based on the pre-filing order, it would be subject to immediate dismissal with prejudice for another reason: judges are entitled to absolute judicial immunity from money damages for acts they perform in the course of their judicial duties. *See DeClue v. County of Alameda*, 2020 WL 6381356 (N.D. Cal. Oct. 20, 2020) at * 9–10 (summarizing controlling law "immunizing judicial officers against legal claims for acts taken or decisions made in the course of the judicial process"). Judge Alsup's decision not to vacate an order lies squarely within the core of his judicial authority, and he may not be sued for that decision as a matter of law. If Plaintiff disagrees with the decision, the appropriate course of action is for him to appeal it.